[No. F020053. Fifth Dist. June 29, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
LONNIE DALE HANEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Facts and parts I and III.

COUNSEL

Michael Bacall, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Gregory W. Baugher, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THAXTER, J.—A jury convicted appellant Lonnie Dale Haney of three counts of burglary (Pen. Code, § 459), two of first degree and one of second degree. During trial, the court conducted a hearing pursuant to Evidence Code section 402 to determine the admissibility of appellant's confessions to police officers. The trial court ruled the confessions were admissible. After the jury verdicts were rendered, the court conducted a nonjury, bifurcated trial on several prior conviction enhancement allegations. The trial court found true allegations appellant had two prior convictions of serious felonies within the meaning of Penal Code section 667, subdivision (a), and had served two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

Appellant was sentenced to a total term of 18 years 4 months in prison. The upper term of six years was imposed on one of the first degree burglary counts, and a consecutive one-third the midterm of one year four months was imposed for the other count. A concurrent middle term of two years was imposed for the second degree burglary. In addition, the trial court imposed two consecutive five-year enhancements pursuant to Penal Code section 667, subdivision (a), and a consecutive one-year enhancement pursuant to section 667.5, subdivision (b).

Appellant contends the court erred in admitting evidence of his confessions. He also claims the imposition of one of the prior serious felony enhancements violated the double punishment prohibition in Penal Code section 654.

We reject both contentions and affirm.

Facts*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

Discussion

I. *Appellant's Admissions Were Properly Admitted**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *There Is Sufficient Evidence to Support the Serious Felony
Enhancement*

 Appellant contends the trial court erred when it used his 1970 prior robbery conviction to enhance his sentence. The 1970 abstract shows appellant pleaded guilty to two counts of armed robbery and one count of assault with a deadly weapon, presumably arising out of the same act or a continuous course of conduct.[2] In an apparent attempt to avoid the multiple punishment prohibitions of Penal Code section 654, the sentencing court ordered the three counts "be merged as provided by Section 654 of the Penal Code."

 To establish a prior conviction enhancement allegation, the prosecutor must prove beyond a reasonable doubt all elements of the enhancement, i.e., the defendant was convicted, the conviction was of an offense within the definition of the particular statute invoked, and any other element required by the statute alleged (e.g., proof defendant served a term in state prison if that is an element of the enhancement). (See *People* v. *Morrison* (1938) 26 Cal.App.2d 616 [80 P.2d 94].) Generally the prosecutor proves the prior conviction by introduction of certified copies of the abstract of judgment and records of the Department of Corrections showing imprisonment. (Pen. Code, § 969b; *People* v. *Hoerler* (1962) 208 Cal.App.2d 402, 406-407 [25 Cal.Rptr. 209]; *People* v. *Green* (1982) 134 Cal.App.3d 587, 591 [184 Cal.Rptr. 652].) Once the prosecutor presents this prima facie evidence of conviction, the trial court is allowed to make reasonable inferences from the facts presented. If there is no evidence to the contrary, the trial court may consider the abstract and the facts of the particular case, and utilizing the official duty presumption, find a defendant was convicted of and served the

---

*See footnote, *ante*, page 472.

[2]The record includes a copy of a first amended complaint charging appellant with three offenses in Ceres, California, on December 1, 1969. The two robbery counts named different victims, and one of them was named as victim in the assault with a deadly weapon count.

term of imprisonment for the listed felony.[3] (*People* v. *Crockett* (1990) 222 Cal.App.3d 258, 262 [271 Cal.Rptr. 500]; *People* v. *Castillo, supra,* 217 Cal.App.3d at p. 1024; see also *People* v. *Jones, supra,* 203 Cal.App.3d at pp. 459-460; *People* v. *Young* (1987) 192 Cal.App.3d 812, 818 [237 Cal.Rptr. 703].)

Penal Code section 667, subdivision (a) provides for a five-year enhancement upon conviction of a serious felony when a defendant has previously been "convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony." For purposes of this section, a serious felony is any felony listed in subdivision (c) of Penal Code section 1192.7. (Pen. Code, § 667, subd. (d).) Robbery and burglary of an inhabited dwelling are both listed as serious felonies. The prosecutor made his prima facie showing when he presented the 1970 abstract entering judgment and sentencing appellant to state prison.

Appellant argues, however, relying on *People* v. *Pearson* (1986) 42 Cal.3d 351 [228 Cal.Rptr. 509, 721 P.2d 595], that his 1970 robbery conviction may not be used to enhance his sentence in this case because the abstract of judgment does not establish clearly which of the three 1970 convictions were stayed pursuant to Penal Code section 654. In *Pearson*, the defendant committed an act of sodomy on each of two children. For each act, he was convicted of two offenses, sodomy with a child under fourteen years of age (Pen. Code, § 286, subd. (c)) and lewd conduct (§ 288, subd. (a)). The trial court imposed sentence on the two sodomy counts and, pursuant to Penal Code section 654, stayed sentence on the two lewd conduct convictions. On appeal our Supreme Court was asked to consider whether all four convictions could be used at a later date to enhance a subsequent sentence should the defendant commit another crime.

The Supreme Court concluded Penal Code section 654 prohibited multiple punishment and therefore a conviction which is stayed to prevent multiple punishment cannot be used for any further punitive purpose, including later use to enhance a sentence under a recidivism statute. (*People* v. *Pearson, supra,* 42 Cal.3d at p. 361.) The rule is stated in *Pearson* as follows: "In keeping with our reason for using stays in multiple conviction situations, the defendant is penalized if he suffers enhancements based on stayed convictions. Thus to enhance a defendant's sentence because of a stayed conviction would constitute multiple punishment and is prohibited by section 654." (*Id.* at p. 363.)

---

[3]There is a split in authority as to whether these documents are sufficient to prove completion of a prior prison term. (See *People* v. *Castillo* (1990) 217 Cal.App.3d 1020 [266 Cal.Rptr. 271]; *People* v. *Jones* (1988) 203 Cal.App.3d 456 [249 Cal.Rptr. 840].) Completion of the term is not, however, an element of Penal Code section 667, subdivision (a).

Appellant argues because the trial court in this case could not determine which of the three 1970 convictions were "stayed" under Penal Code section 654, it was precluded from using any of the three to enhance his sentence under the prohibitive language of *Pearson*. Appellant's argument must fail for two reasons. First, *Pearson* should not be read so narrowly. The Supreme Court in *Pearson* addressed the enhancement issue in the absence of an actual controversy. It decided the enhancement issue in the context of the original conviction, assuming the defendant would commit another crime. The intent of the decision was clearly to prohibit multiple use of both a stayed and unstayed conviction at a later date for enhancement purposes.

Here there was no attempt by the trial court to subject appellant to multiple punishment for his conduct in 1970. It is apparent from the record that the three 1970 convictions arose out of related criminal conduct and therefore appellant could not be punished then or later on all three counts. However, *only one of the 1970 convictions* is being used to enhance appellant's sentence. Moreover, applying *Pearson* so narrowly would offend the dictates of article I, section 28, subdivision (f) of our state Constitution which provides that prior convictions shall be used without limitation for purposes of enhancing the sentences of repeat offenders. Appellant should not be allowed to avoid the consequences of his recidivism by invoking a technicality, i.e., the failure of the abstract to identify on which of the counts punishment was imposed.

Second, the problem in this case arises only because neither the abstract nor the sentencing minute order state which of the three convictions were affected by the Penal Code section 654 prohibition. However, the abstract does not establish that any of the three counts were "stayed" pursuant to Penal Code section 654, although admittedly section 654 prohibited multiple punishment on the three counts. In 1970, the trial court ordered that the three counts be "merged" pursuant to Penal Code section 654; it did not order any of the counts "stayed." An order "merging" the sentence does not effectively "stay" any of the counts.[4] The trial court's order was therefore an ineffective attempt at complying with Penal Code section 654 and did not act to stay any of the three convictions. (See *People* v. *Miller* (1977) 18 Cal.3d 873, 884-887 [135 Cal.Rptr. 654, 558 P.2d 552].) Although this was error subject to correction if it had been appropriately raised in a timely appeal, the prior judgment comes to this court in its current form—with none of the three

---

[4]This is not to say the earlier ineffective compliance with Penal Code section 654 would justify multiple punishment in this case for appellant's previous criminal conduct by allowing duplicate enhancements, one for each of the three 1970 convictions. However, it does illustrate why technical application of the holding in *Pearson* frustrates the intent and rationale of that decision.

prior convictions having been stayed pursuant to section 654. Therefore, use of the 1970 robbery conviction does not technically constitute use as an enhancement of a previously "stayed" conviction.

Neither the spirit nor the letter of the *Pearson* decision has been violated in this case. The trial court properly imposed a five-year enhancement for the 1970 robbery conviction pursuant to Penal Code section 667, subdivision (a).

III. *CALJIC No. 2.90**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

Judgment affirmed.

Ardaiz, Acting P. J., and Buckley, J., concurred.

A petition for a rehearing was denied July 22, 1994, and appellant's petition for review by the Supreme Court was denied October 27, 1994.

---

*See footnote, *ante*, page 472.