[No. F028293. Fifth Dist. May 25, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRELL ANTHONY HENLEY, Defendant and Appellant.

**[Opinion certified for partial publication.‡]**

‡Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 2 of Discussion.

COUNSEL

Bradley A. Bristow, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THAXTER, J.**—A felony is "serious" if the defendant personally inflicts great bodily injury on any person other than an accomplice. When the prior conviction of such a felony is alleged for purposes of the three strikes law, must the prosecution prove that the injured party was not an accomplice? We will answer this question in the affirmative. Because the trial court placed the burden of proof on the defendant, and because substantial evidence does not support the court's finding that the prior felony was serious, we will reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are not disputed and not at issue here. Appellant Darrell Anthony Henley sold heroin on February 28, 1996, and on April 11, 1996. In two cases, which were consolidated, he pleaded no contest to two counts of selling heroin (Health & Saf. Code, § 11352, subd. (a).) The informations further alleged that on or about May 11, 1992, appellant suffered a prior felony conviction for violating Vehicle Code section 2800.3, evading a peace officer causing injury or death. The prior felony was alleged to be "serious" within the meaning of the three strikes law.[1] Appellant admitted the 1992 prior, reserving court trial on the issue of whether that conviction qualified as a strike. The parties stipulated that appellant would be sentenced to a prison term of five years four months in the event the strike was not sustained, eight years eight months in the event it was.

After taking the contested issue under submission, the court found the prior conviction qualified as a strike for purposes of the three strikes law. The court stated that appellant had the burden of proving that the party injured in commission of the prior felony was an accomplice. The record

---

[1] Penal Code section 667, subdivisions (b)-(i), inclusive, and section 1170.12. Further statutory references are to the Penal Code unless otherwise indicated.

presented included a transcript of the change of plea proceeding in the earlier case. Because it was silent on the injured party's status, the court found that person was not an accomplice. Further finding evidence of great bodily injury, the court concluded that the prior conviction was of a serious felony and sentenced appellant to a total term in state prison of eight years and eight months.

The trial court issued a certificate of probable cause pursuant to section 1237.5. Appellant contends the court below erred in placing the burden of proof on him. He also argues there is insufficient evidence to support the court's findings that the injured party in the prior case was not an accomplice and suffered great bodily injury.

DISCUSSION

1. *The trial court's finding that the person injured in appellant's prior felony was not an accomplice is not supported by substantial evidence.*

 Appellant admitted that on or about May 11, 1992, he was convicted of violating Vehicle Code section 2800.3. That statute provides, in pertinent part at all times relevant here: "Whenever willful flight or attempt to elude a pursuing peace officer in violation of [Vehicle Code] Section 2800.1 proximately causes death or serious bodily injury to any person, the person driving the pursued vehicle, upon conviction, shall be punished by imprisonment in the state prison . . . , by imprisonment in the county jail . . . , or by a fine . . . ."

For purposes of the three strikes law, a serious felony is any felony listed in section 1192.7, subdivision (c). That statute specifies a number of felonies, and, in subdivision (c)(8) provides: " '[S]erious felony' means . . . [¶] . . . [¶] . . . [a]ny felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." Section 1192.8 provides: "(a) For purposes of subdivision (c) of Section 1192.7, 'serious felony' also means any violation of . . . Section 2800.3 . . . of the Vehicle Code, when any of these offenses involve the personal infliction of great bodily injury on any person other than an accomplice . . . ."

It is thus apparent that a violation of Vehicle Code section 2800.3 is not a serious felony unless (1) the defendant personally inflicted great bodily injury, and (2) the injured person was not an accomplice.

A. *Evidence of the injured party's status was inconclusive.*

Generally, the prosecutor proves a prior conviction by introducing certified copies of the abstract of judgment and records of the Department of

Corrections showing imprisonment. (§ 969b; *People* v. *Hoerler* (1962) 208 Cal.App.2d 402, 406-407 [25 Cal.Rptr. 209].) Other cases have held proper for consideration to prove a prior conviction a variety of items, including a change of plea form executed by the defendant in the previous conviction (*People* v. *Carr* (1988) 204 Cal.App.3d 774, 778 [251 Cal.Rptr. 458]), the charging documents and no contest plea reflected in a minute order (*People* v. *Harrell* (1989) 207 Cal.App.3d 1439, 1444 [255 Cal.Rptr. 750]), a complaint and *Tahl*[2] forms admissions (*People* v. *Smith* (1988) 206 Cal.App.3d 340, 345 [253 Cal.Rptr. 522]), a reporter's transcript of the defendant's guilty plea together with the information (*People* v. *Batista* (1988) 201 Cal.App.3d 1288, 1293 [248 Cal.Rptr. 46]), a probation report (*People* v. *Garcia* (1989) 216 Cal.App.3d 233, 237 [264 Cal.Rptr. 662]), and a preliminary hearing transcript (*People* v. *Castellanos* (1990) 219 Cal.App.3d 1163, 1170 [269 Cal.Rptr. 93]). Here, the record provided by the prosecutor consisted of the reporter's transcript of appellant's plea in the previous conviction dated May 11, 1992, the criminal complaint dated April 14, 1992, and the "Felony Docket" form dated May 11, 1992.

■ Once the prosecutor presents prima facie evidence of conviction, the trial court is allowed to make reasonable inferences from the facts presented. If there is no evidence to the contrary, the trial court may consider the abstract and the facts of the particular case, and utilizing the official duty presumption, find a defendant was convicted of and served the term of imprisonment for the listed felony. (*People* v. *Crockett* (1990) 222 Cal.App.3d 258, 262 [271 Cal.Rptr. 500].)

■ The transcript of appellant's plea to a violation of section 2800.3 of the Vehicle Code was considered by the trial court. At the time of the plea, the following exchange took place between the court and appellant:

"THE COURT: [W]hat is your plea, sir, to a violation of Vehicle Code Section 2800.3, evading a peace office, causing injury, where it's alleged that on or about April 11th of 1992 you did willfully, unlawfully and feloniously evade and attempt to evade a pursuing peace officer, proximately causing serious bodily injury to another? [¶] Is your plea guilty or no contest, sir?

"[APPELLANT]: No contest."

The factual basis for the plea was explained by the prosecutor as follows: "[A]n officer observed [appellant] driving a motorcycle at high speed. After attempting to pull the [appellant] over, he activated his lights and siren.

[2]*In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

[Appellant] failed to yield. A high-speed chase in excess of 70 miles an hour ensued on surface streets. [Appellant] eluded him and eventually ran a stop sign and ran into another vehicle and injured the passenger on the back of his motorcycle in which he[3] received a back injury and broken ankle." Appellant's counsel agreed to this description of the crime.

In its analysis of whether appellant's prior conviction constituted a "serious" felony for purposes of the three strikes law, the trial court stated, in pertinent part: "On its face, the transcript supports the finding that [appellant] personally caused the injury (ran into another vehicle and injured the passenger on the back of his motorcycle) and that the injury was great bodily injury (broken ankle). Since the burden of proving a person is an accomplice is on the [appellant] (CALJIC 3.19), this Court concludes that the silent record does not establish this and the Court finds that the passenger was not an accomplice. Accordingly, the factual basis and the plea set forth in the transcript is [*sic*] adequate to support the conclusion that this particular Vehicle Code Section 2800.3 conviction is a prior serious felony under Penal Code Section 667(d) . . . ."

The question then is whether the transcript of appellant's plea in the previous conviction or the criminal complaint filed in the case, as interpreted by the trial court, is substantial evidence that the injured individual was not an accomplice.

█ The definition of substantial evidence in a criminal case is a familiar one. It is "evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; *People* v. *Jones* (1990) 51 Cal.3d 294, 314 [270 Cal.Rptr. 611, 792 P.2d 643].)

█ A trier of fact is entitled to draw reasonable inferences from certified records offered to prove a defendant suffered a prior conviction and served a prison term. (*People* v. *Haney* (1994) 26 Cal.App.4th 472, 475 [31 Cal.Rptr.2d 547].) Here, we think the trial court's inference that the injured individual was not an accomplice is without "solid value" unless, as the court stated, the burden of proof lay with appellant.

Whether the injured person was or was not an accomplice was not an issue at the time appellant was convicted of violating Vehicle Code section 2800.3. Therefore, neither the plea transcript nor the complaint mentions the injured party's status. The prosecution did not present any additional evidence to prove that she was not an accomplice.

---

[3]Other references in the record indicate that the injured party was female.

We note that neither the complaint nor the Felony Docket form from the 1992 case lists any codefendant. Thus, the possibility exists that the injured person was not an accomplice. (See *People* v. *Moore* (1992) 10 Cal.App.4th 1868, 1871 [13 Cal.Rptr.2d 713] [in determining only one defendant was charged in prior battery offense, court necessarily determined that defendant inflicted the great bodily injury and did so on a person "other than an accomplice"].) There may, however, be many reasons why an accomplice is not charged and tried jointly with the defendant. (*People* v. *Farmer* (1989) 47 Cal.3d 888, 918-919 [254 Cal.Rptr. 508, 765 P.2d 940]; CALJIC No. 2.11.5.) The factual statement given by the prosecutor when appellant entered his plea in the prior proceeding did not establish that the injured party was an innocent bystander or motorist. Instead, she was a passenger on the motorcycle appellant was driving while fleeing from a pursuing peace officer. Nothing in the record forecloses the possibility she was an accomplice. Because conflicting inferences are at least as reasonable, an inference that the injured party was not an accomplice because she was not charged jointly with appellant is not of "solid value" such that a reasonable trier of fact could so find beyond a reasonable doubt. (*People* v. *Johnson, supra*, 26 Cal.3d at p. 578; *People* v. *Haney, supra*, 26 Cal.App.4th at p. 475; *People* v. *Crockett, supra*, 222 Cal.App.3d at p. 262.)

Unless the trial court was correct in placing the burden of proof on appellant, the record does not support the conclusion that appellant personally inflicted great bodily injury on a person other than an accomplice.

B. *The court erred placing the burden of proof on appellant.*

 Normally, to establish a prior conviction allegation, the prosecutor must prove beyond a reasonable doubt all the elements of the allegation, i.e., the defendant was convicted and the conviction was of an offense within the definition of the particular statute invoked, and any other element required by the statute alleged. (*People* v. *Tenner* (1993) 6 Cal.4th 559, 566 [24 Cal.Rptr.2d 840, 862 P.2d 840]; *People* v. *Haney, supra*, 26 Cal.App.4th at p. 475.)

In placing the burden on appellant to prove the injured party was an accomplice, the trial court cited CALJIC No. 3.19. That instruction, however, deals only with situations in which a defendant claims that a witness against him is an accomplice. (See *People* v. *Tewksbury* (1976) 15 Cal.3d 953, 967-969 [127 Cal.Rptr. 135, 544 P.2d 1335].) We do not see the instruction or the rule of *Tewksbury* as any support for placing the burden of proof on a defendant for purposes of section 1192.7.

Respondent argues that the trial court properly placed the burden on appellant, but does not rely on CALJIC No. 3.19. Instead, respondent cites a

line of cases holding that a defendant in a criminal case has the burden of proving an affirmative defense.

(5) The due process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. (*In re Winship* (1970) 397 U.S. 358, 364 [90 S.Ct. 1068, 1072-1073, 25 L.Ed.2d 368].) However, a state may allocate the burden of persuasion to a criminal defendant through the device of an affirmative defense. (*People* v. *Fuentes* (1990) 224 Cal.App.3d 1041, 1044 [274 Cal.Rptr. 17].)

Case law is not crystal clear on how one determines whether an exception or a proviso in a criminal statute is an element to be proved by the prosecution or an affirmative defense to be proved by the defendant. Some cases hold that " 'where a statute first defines an offense in unconditional terms and then specifies an exception to its operation, the exception is an affirmative defense to be raised and proved by the defendant. [Citations.]' " (*People* v. *Fuentes, supra*, 224 Cal.App.3d at p. 1045, quoting *In re Andre R.* (1984) 158 Cal.App.3d 336, 341 [204 Cal.Rptr. 723].) *People* v. *Gott* (1994) 26 Cal.App.4th 881 [31 Cal.Rptr.2d 840], however, eschews what it describes as the "grammatical rule" of those cases. Instead, the *Gott* court holds that the correct approach is more subtle and turns on the nature of the exception rather than its location in the statute. (*Id.* at pp. 885-888.)

Other cases finding a criminal statute's exception is an affirmative defense rely on the "rule of convenience." As explained by this court: "The rule of convenience 'emerged from a long line of decisions which operate to impose on a defendant the burden of proving an exonerating fact if its existence is "peculiarly" within his personal knowledge and proof of its *non*existence, by the prosecution, would be relatively difficult or inconvenient. (*People* v. *Boo Doo Hong* (1898) 122 Cal. 606, 608-609 . . . [license to practice medicine]; *People* v. *Fortch* (1910) 13 Cal.App. 770, 775 . . . [license to practice dentistry]; *People* v. *Osaki* [(1930) 209 Cal. 169, 182 . . .] [citizenship by birth]; *People* v. *Marschalk* (1962) 206 Cal.App.2d 346, 349-350 . . . [prescription authorizing possession of narcotics]; *People* v. *Flores* [(1976) 62 Cal.App.3d Supp. 19, 21-23 . . .] [license to do business as a carrier].)' (*People* v. *Yoshimura* (1979) 91 Cal.App.3d 609, 626-627 . . . [permit for explosives].)" (*In re Shawnn F.* (1995) 34 Cal.App.4th 184, 197 [40 Cal.Rptr.2d 263].)

Respondent relies on the grammatical rule of *People* v. *Fuentes, supra*, 224 Cal.App.3d 1041, 1044, and *In re Andre R., supra*, 158 Cal.App.3d 336, 341-342. According to respondent, section 1192.7, subdivision (c)(8) defines

the proscribed act, personal infliction of great bodily injury on any person while committing a felony, and then specifies an exception to its operation: "other than an accomplice." Respondent also argues that the rule of convenience should apply. Respondent does not, however, cite any cases in which the "element of the offense/affirmative defense" dichotomy was applied to a sentence enhancement statute or a separate sentencing scheme such as the three strikes law.

Appellant contends that the cases relied on by respondent are inapplicable here as they deal with whether the defendant had permission or authorization to engage in certain conduct or possess what would otherwise be contraband. (See, e.g., *People* v. *George* (1994) 30 Cal.App.4th 262, 274-277 [35 Cal.Rptr.2d 750].) Appellant asserts that placing the burden on him on a matter which was not in issue in the prior proceeding, and which he had no opportunity to prove in the present case, denied him due process.

We will not labor over the question of whether the "other than an accomplice" proviso in section 1192.7, subdivision (c) is a definitional element of "serious felony" or a matter of affirmative defense. Even if it can be properly construed as stating a matter of affirmative defense, application of the rules concerning proof of a prior conviction worked to deprive appellant of a fair opportunity to carry the burden put upon him. We will thus conclude appellant was denied due process.

The California Supreme Court has held that a defendant's statutory right to a jury trial on prior conviction allegations (§ 1025) has been expanded to include various procedural guaranties: the prosecution must prove the prior conviction allegation beyond a reasonable doubt, the defendant enjoys the privilege against self-incrimination and the right to confront and cross-examine witnesses against him, and the rules of evidence apply. (*People* v. *Monge* (1997) 16 Cal.4th 826, 833-834 [66 Cal.Rptr.2d 853, 941 P.2d 1121].)

In determining the truth of a prior conviction allegation the trier of fact may look to the entire record of that conviction, but no further. (*People* v. *Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150].) Thus, if appellant bore the burden of proof on the accomplice issue, he was limited to whatever may have appeared in the record of the 1992 proceeding concerning that question.[4] But the status of the injured party was of no moment in the earlier proceeding, either as an element of or a defense to the crime defined in Vehicle Code section 2800.3. Nothing in the record shows

---

[4]Appellant offered to testify but the trial court denied his request. One of the reasons given by the court was that it could only consider the record from the prior case.

that appellant was given any kind of notice in the 1992 case that he had to prove the injured party was an accomplice in order to avoid his conviction being later used as a serious felony enhancement. There is no reference in either the criminal complaint, the felony docket, or the reporter's transcript to section 667 or 1192.7 or any mention of the injured party's status as an accomplice or nonaccomplice.

Also, it appears appellant would not have had any meaningful opportunity to submit proof on the issue in the 1992 case. *People* v. *Gonzales* (1994) 29 Cal.App.4th 1684 [35 Cal.Rptr.2d 450], although dealing with another aspect of section 1192.7, subdivision (c)(8), is illustrative.[5] In *Gonzales* the defendant had been earlier convicted of gross vehicular manslaughter other than while intoxicated. (§ 192, subd. (c)(1).) In a later case he pleaded guilty to four felonies but denied an allegation that the prior conviction was a serious felony under sections 667 and 1192.7. After a jury found the serious felony allegation true, the defendant attacked the finding on appeal. One of his asserted grounds was that the serious felony elements (personal infliction of great bodily injury on any person other than an accomplice) were not adjudicated in the prior proceeding. He argued that allowing the allegation to be made and adjudicated for the first time in the later case prejudicially compromised his constitutional rights—primarily the right to due process of law, including the right to confront adverse witnesses. (*People* v. *Gonzales, supra*, at p. 1699.) The appellate court rejected the argument. It found that ". . . there was no justiciable issue, in the [earlier case], as to whether Gonzales had personally inflicted great bodily injury on a person other than an accomplice. Gonzales could not have asserted, and a fortiori he cannot now plausibly complain that he was denied, a right to litigate that issue in that proceeding." (*Id.* at p. 1700.)

The reasoning of the *Gonzales* court applies here as well. There was no justiciable issue, in appellant's 1992 case, concerning the serious felony elements of sections 667 and 1192.7. He thus had no right or opportunity to litigate the question at that time.

Placing the burden of proof on appellant while restricting his proof to the record of a proceeding in which he had no opportunity to litigate the issue

---

[5]The issue in *Gonzales* did not involve the burden of proof. Apparently the prosecution did not contend the burden lay with the defendant, for the trial court instructed the jury that the " 'People have to prove the following elements: One, that the defendant personally inflicted, two, great bodily injury on a person, three, who was not an accomplice to the crime charged.' " (29 Cal.App.4th at p. 1695.)

can aptly be described as a "Catch 22."[6] As a result, appellant never had a meaningful opportunity to defend against the prior serious felony conviction allegation. (See *Chambers* v. *Mississippi* (1973) 410 U.S. 284, 294-303 [93 S.Ct. 1038, 1045-1050, 35 L.Ed.2d 297] [state's procedural and evidentiary rules cannot be used to deny a defendant's right to a fair opportunity to defend against accusations].) The judgment must be reversed as to the true finding on that allegation.

### C. *Retrial of the serious felony allegation is not barred.*

■ The question arises whether retrial of the serious felony allegation is barred by double jeopardy principles on remand. We conclude it is not.

*Monge* v. *California* (1998) 524 U.S. 721 [118 S.Ct. 2246, 141 L.Ed.2d 615] and *People* v. *Monge, supra*, 16 Cal.4th 826, appear directly on point. There the trial court found true an allegation the defendant had suffered a prior serious felony conviction. On appeal the Court of Appeal reversed that finding on grounds the evidence was insufficient to show the defendant *personally* inflicted great bodily injury on any person other than an accomplice (§ 1192.7, subd. (c)(8)) or *personally* used a dangerous or deadly weapon (§ 1192.7, subd. (c)(23)). The Court of Appeal further held that retrial of the prior conviction allegation was barred by the state and federal constitutional protections against double jeopardy. The California Supreme Court reversed the latter holding. The court concluded that in a noncapital case double jeopardy principles do not apply to the trial of a prior conviction allegation. (16 Cal.4th at pp. 843, 845.) The United States Supreme Court granted certiorari and affirmed the judgment of our state's high court interpreting the federal constitutional double jeopardy clause. (*Monge* v. *California, supra*, 524 U.S. at p. 734 [118 S.Ct. at p. 2253].)[7]

### 2. *Substantial evidence supports the personal infliction of great bodily injury finding.**

. . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is reversed to the extent it is based on a finding that appellant suffered a prior serious felony conviction. The district attorney

---

[6]Heller, Catch 22 (1961). Appellant uses another literary reference, "Kafkaesque," to describe the predicament he faced because of the lower court's ruling.

[7]Appellant contends the parties stipulated, when he entered his plea, that an appellate court· ruling would be conclusive on whether his prior conviction was a strike and that *Monge* does not govern. Respondent denies there was any such stipulation. We have considered that portion of the transcript referred to by appellant and find no support for his contention. Thus, we apply *Monge.*

*See footnote, *ante*, page 555.

shall have 30 days after the remittitur is filed in which to give notice of his intent to seek retrial of the prior conviction allegation. If the district attorney gives such notice, the court shall conduct further proceedings in accordance with this opinion. If the district attorney fails to give such notice, the court shall resentence appellant to the lower stipulated prison term of five years four months, less appropriate time credits.

Dibiaso, Acting P. J., and Levy, J. concurred.