Filed 8/2/16  P. v. Delgado CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MINDY MARIE DELGADO,<br><br>    Defendant and Appellant. | C079467<br><br>(Super. Ct. No. 11F5625) |

Defendant Mindy Marie Delgado appeals from the trial court's denial of her petition for resentencing pursuant to Penal Code section 1170.18.[1]  She contends her conviction for second degree burglary (§ 459) was eligible for resentencing because her criminal activity constituted the newly enacted crime of shoplifting (§ 459.5).  We conclude defendant established eligibility to resentencing for her second degree burglary

---

[1]    Undesignated statutory references are to the Penal Code.

conviction. Accordingly, we reverse the trial court's order declining to find eligibility and remand for additional proceedings.[2]

## BACKGROUND

Since the police report was the factual basis for defendant's no contest plea, we take the facts of her crime from a summary of the police report found in the probation report.

On March 24, 2011, Sierra Central Credit Union in Redding notified Ronald Eakins it had refused to honor a check for $350 issued from his account and tendered by a Joseph Callejas because the signature did not match the one on file for Eakins. Eakins reviewed his checks and found two were missing. He visited the bank where he learned the second missing check, in the amount of $250, had been cashed by defendant. A surveillance photograph showed defendant cashing the check.

Defendant was charged with second degree burglary, forgery (§ 475, subd. (c)), and identity theft (§ 530.5), along with two strike allegations. She pleaded no contest to second degree burglary. The trial court suspended imposition of sentence and granted her three years' formal probation. After defendant subsequently admitted violating probation, the trial court sentenced defendant to serve an eight-month state prison term, to be served consecutive to a four-year term in an unrelated case.

Defendant subsequently filed a section 1170.18 petition seeking resentencing on her burglary conviction. The trial court denied the petition, finding the crime was ineligible for resentencing.

---

[2]      In light of our conclusion and remand to the trial court, we do not need to decide defendant's claim that the trial court did not make an adequate record for meaningful appellate review.

DISCUSSION

Defendant contends her second degree burglary conviction is eligible for resentencing because her criminal conduct constitutes the crime of shoplifting. The Attorney General asserts defendant had an intent to commit identity theft, which disqualifies her from resentencing. In the alternative, the Attorney General asks this court to find the definition of larceny in section 459.5 should be constrained by the use of the term "shoplifting" in defining that offense. We are not persuaded and decline to limit the definition of larceny in section 459.5 to the common understanding of shoplifting. We conclude defendant established eligibility to resentencing for her second degree burglary conviction.

The passage of Proposition 47 (as approved by voters, Gen. Elec. (Nov. 4, 2014, eff. Nov. 5, 2014) created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

Proposition 47 added section 459.5, which establishes the offense of shoplifting, a misdemeanor, defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Larceny or theft (§ 490) is defined very broadly. Section 490a replaced statutory references to "larceny" with "theft." Section 484, subdivision (a), defines theft to include

"knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money." This definition is broad and encompasses fraudulent presentation of a check belonging to someone else to obtain money.

We ascertain the defendant's criminal conduct from the record of conviction. (See *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338 [as to Prop. 36 and § 1170.126, court must determine "petitioner's eligibility for resentencing based on the record of conviction"].) Since defendant stipulated to the police report as the factual basis for her plea, the record includes the summary of the police report found in the probation report. The complaint in her case is also part of the record of conviction. (*People v. Saez* (2015) 237 Cal.App.4th 1177, 1196; *People v. Henley* (1999) 72 Cal.App.4th 555, 560.)

The burglary count alleged defendant entered the bank "with the intent to commit larceny and any felony," but added no other factual allegations. The remaining counts alleged other facts; the forgery count alleged defendant forged "check # 1674 in the amount of $250.00," and the identity theft count alleged defendant used the personal identifying information of Ronald Eakins to obtain credit, goods, or services in his name without his consent.

The facts summarized in the police report show defendant forged Eakins's name on the check stolen from him in order to defraud the bank in the amount of $250.00.

Here, there is no dispute the amount of the check did not exceed $950.00. Thus, defendant's act of passing a bad check qualifies as theft under section 484, subdivision (a), and thus as shoplifting under section 459.5.

DISPOSITION

The trial court's order concluding defendant's conviction for second degree burglary is ineligible for resentencing under Proposition 47 is reversed and the matter is

remanded to the trial court for consideration of whether to resentence defendant under the remaining provisions of Penal Code section 1170.18.

                              /s/

                            HOCH, J.

We concur:

               /s/

HULL, Acting P. J.

               /s/

RENNER, J.