Filed 6/9/22  P. v. Cruz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID VALDEZ CRUZ,<br><br>    Defendant and Appellant. | F082026<br><br>(Super. Ct. No. MCR066350)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.  (Retired Judge of the Madera Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Peña, Acting P. J., Smith, J. and Snauffer, J.

Defendant David Valdez Cruz contends on appeal that (1) there was insufficient evidence to prove his prior conviction constituted a "strike" under the "Three Strikes" law to support a serious felony sentence enhancement (Pen. Code, §§ 245, subd. (a)(1), 667, subds. (a)(1), (b)–(i), 1170.12, subds. (a)–(d));[1] (2) his sentence on count 4 should be stayed pursuant to section 654; and (3) his presentence report and booking fees must be vacated because Assembly Bill No. 1869's (2019–2020 Reg. Sess.) (Assembly Bill 1869) amendments to section 1203.1b and Government Code section 29550.2, must be applied to his case. The People agree.

The sentence is conditionally vacated, and the case is remanded to the trial court to determine the validity of the prior serious felony conviction. If the trial court determines that defendant's prior conviction constitutes a serious felony conviction, the sentence shall be reinstated. Additionally, the sentence on two of the three other counts (counts 3, 4, and 6) shall be stayed pursuant to section 654, and the portion of the judgment requiring payment of fees pursuant to former section 1203.1b and former Government Code section 29550.2 is vacated. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On June 15, 2020, the Madera County District Attorney filed an information charging defendant with first degree burglary (§ 459; count 1); negligent discharge of a firearm (§ 246.3, subd. (a); count 2); felon in possession of a firearm (§ 29800, subd. (a)(1); count 3); felon in possession of ammunition (§ 30305, subd. (a)(1); count 4); receipt of stolen property (§ 496, subd. (a); count 5); carrying a loaded firearm in public (§ 25850, subd. (a); count 6); misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 7); and misdemeanor possession of psilocybin mushrooms (Health & Saf. Code, § 11350, subd. (a); count 8). The information alleged as to counts 1 through 6 that defendant had a prior serious felony conviction for assault with a deadly weapon that also

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2.

qualified as a strike. (§§ 245, subd. (a)(1), 667, subds. (a)(1), (b)–(i).) Defendant pled not guilty and denied the allegations.

On August 20, 2020, a jury found defendant guilty on counts 1 through 7. The parties stipulated that defendant suffered a prior felony conviction for the purposes of counts 3 and 4. Prior to deliberations and the prosecutor's motion, the court dismissed count 8 for lack of evidence. In a bifurcated court trial, the court found the special allegations to be true. The trial court sentenced defendant to an aggregate state prison term of 26 years: (1) 12 years on count 1 (the upper term, doubled pursuant to the Three Strikes law) plus five years for the prior serious felony conviction; (2) 16 months on count 2 (one-third the midterm of two years, doubled pursuant to the Three Strikes law), plus five years for the prior serious felony conviction, to be served consecutively; (3) 16 months on count 3 (one-third the midterm of two years, doubled pursuant to the Three Strikes law), to be served consecutively; (4) 16 months on count 4 (one-third the midterm of two years, doubled pursuant to the Three Strikes law), to be served consecutively; and (5) 16 months on count 6 (one-third the midterm of two years, doubled pursuant to the Three Strikes law), to be served consecutively but stayed pursuant to section 654.[2] Last, on each of the two misdemeanors, counts 5 and 7, the trial court imposed 364 days in county jail to be served concurrently to each other and consecutive to the prison term.[3]

On November 13, 2020, defendant filed a notice of appeal.

---

[2] The abstract of judgment fails to include that the sentence on count 6 was imposed but stayed. The trial court is directed to include this information in the abstract from the new proceedings.

[3] The trial court reduced count 5, receipt of stolen property under section 496, subdivision (a), to a misdemeanor, due to the People's failure to prove the value of the stolen property.

# FACTUAL SUMMARY

On April 25, 2020, Luis returned to his home from an extended trip and found that someone had stolen many of his belongings. Items stolen, among other things, included two firearms, one of which was a .357-caliber Smith & Wesson revolver, ironworker shirts, mail, money, piggy banks, shoes, and two remote controls for the garage. Surveillance video from a neighboring home showed defendant riding a bicycle with yellow rims approach and enter Luis's home and come out later carrying bags of items. Luis reported the incident to police.

The next day, on April 26, 2020, at approximately 2:00 p.m., Joshua was sitting in his car in a parking lot, with his two-year-old daughter asleep in the backseat. Defendant rode up on a bicycle with yellow rims that matched the bicycle in the surveillance video footage of defendant leaving Luis's home with bags of items the day before. He stopped about 30 feet from Joshua. Defendant pulled out a gun and fired it straight up in the air. Joshua called 911 as he remained in the car and watched defendant tuck the gun back in his pocket and ride away.

Madera City Police Officer Jeff Eichman responded to a call of shots fired near the parking lot where Joshua had seen defendant. Eichman arrived and saw defendant, who matched the description given to him of the suspect who had fired the gun, in another parking lot nearby. He instructed defendant to stop his bike and show his hands, but defendant rode away while holding something in his left arm. Eichman pursued defendant in his patrol vehicle and saw him throw things and abandon his bicycle in a nearby field. Eichman stopped defendant and placed him in custody.

Among the items officers recovered from defendant were bags containing items belonging to Luis, including mail, garage door openers, an ironworker shirt, and a debit card with Luis's name on it. Officers also recovered the items defendant had thrown while evading Eichman, including Luis's .357-caliber Smith & Wesson revolver. The six-round cylinder of the revolver contained five expended rounds and one live round.

4.

Defendant was later shown a picture of the .357-caliber Smith & Wesson revolver found near where he was arrested and claimed it was his own. He admitted firing the weapon earlier that day.

## DISCUSSION

### A. Prior Serious Felony Finding

Defendant contends the evidence relied upon by the trial court was insufficient to prove defendant's prior conviction (1) constituted a "strike" under the Three Strikes law, or (2) supported a serious felony sentence enhancement. The People agree, as do we.

A defendant who has suffered a prior strike conviction must be sentenced to double the otherwise applicable prison term for the defendant's current felony conviction. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) To qualify as a "strike," the prior conviction must be a "violent felony," as defined in section 667.5, subdivision (c), or a "serious felony," as defined in section 1192.7. Subdivision (c) of section 1192.7 lists the crimes that constitute serious felonies. (*People v. Bautista* (2005) 125 Cal.App.4th 646, 654.) " '[A]ssault with a deadly weapon' is a serious felony. (§ 1192.7, subd. (c)(31).) On the other hand, while serious felonies include all those 'in which the defendant personally inflicts great bodily injury on any person' (*id*., subd. (c)(8)), assault merely by means likely to produce [great bodily injury], without the additional element of personal infliction, is not included in the list of serious felonies." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065 (*Delgado*).)

Prior to January 1, 2012, a violation of section 245, subdivision (a)(1) could be committed by assaulting another person "with a deadly weapon or instrument other than a firearm," or "by any means of force likely to produce" great bodily injury.[4] (Former

---

[4] Section 245, subdivision (a)(1) now prohibits only assault with a deadly weapon other than a firearm. (§ 245, subd. (a)(1).) A violation of section 245, subdivision (a)(4) prohibits assault by "any means of force likely to produce great bodily injury." (§ 245, subd. (a)(4).)

5.

§ 245, subd. (a)(1), Stats. 2004, ch. 494, § 1.)  Accordingly, a conviction under the "deadly weapon" prong of former section 245, subdivision (a)(1) is considered a "serious felony" under section 1192.7, but a conviction under the "likely to produce great bodily injury" prong of former section 245, subdivision (a)(1) is not.  (*Delgado*, *supra*, 43 Cal.4th at p. 1067.)

"The People must prove all elements of an alleged sentence enhancement beyond a reasonable doubt.  [Citation.]  Where, as here, the mere fact of conviction under a particular statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue." (*People v. Miles* (2008) 43 Cal.4th 1074, 1082.)  The prosecutor may introduce official court records, including the criminal complaint, certified copies of the court's minute orders, and certified copies of the abstract of judgment, from the proceedings to prove a prior conviction.  (*Delgado*, *supra*, 43 Cal.4th at p. 1066; *People v. Henley* (1999) 72 Cal.App.4th 555, 559–560.)  "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

The trial court's finding that the defendant's conviction constituted a strike is reviewed for substantial evidence.  (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1132–1133.)

During defendant's court trial on the serious felony enhancement, the trial court admitted the section 969b packet and the Department of Corrections and Rehabilitation conviction packet.  The section 969b packet included the preliminary hearing transcript, first amended information, plea agreement and abstract of judgment from defendant's 1998 assault conviction.

The abstract of judgment from the 1998 assault conviction conflicts with the first amended information and plea agreement.  The preliminary hearing transcript from

6.

the 1998 conviction contains testimony supporting a finding that defendant committed an assault with a deadly weapon. However, after the preliminary hearing the prosecutor filed a first amended information which alleged two counts of assault "by means of force likely to produce great bodily injury." The first amended information did not charge defendant with assault with a deadly weapon. Defendant acknowledged on the plea form that the information alleged two counts of section 245, subdivision (a)(1), as well as other charges, and indicated his plea of guilty to one of the section 245, subdivision (a)(1) charges. When he entered an unconditional plea of guilty to one of the assault charges in exchange for the dismissal of all remaining counts and allegations, there was no mention that the offense to which he was pleading guilty was other than as alleged in the amended information or that the conviction would constitute a strike. Accordingly, the record does not support a finding that defendant pled guilty to assault with a deadly weapon.

Although the abstract of judgment and fingerprint card show that defendant's conviction was for assault with a deadly weapon, that carries little weight in light of defendant's plea to the charge in the first amended information. While the abstract of judgment is "cloaked with a presumption of regularity and reliability," it "is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict." (*Delgado*, *supra*, 43 Cal.4th at p. 1070.) Under these circumstances, the abstract of judgment provides insufficient evidence defendant suffered a prior conviction qualifying as a serious felony and strike.

We conditionally vacate the sentence and remand the matter for retrial of the prior serious felony allegation. (*People v. Barragan* (2004) 32 Cal.4th 236, 239 ["[R]etrial of a strike allegation is permissible where a trier of fact finds the allegation to be true, but an appellate court reverses that finding for insufficient evidence."].) If the trial court determines that the prior conviction constitutes a serious felony conviction, the sentence as to the serious felony allegation shall be reinstated.

7.

### B.    Section 654

Defendant contends his sentence on count 4 should be stayed pursuant to section 654 because both his convictions for counts 3 and 4 resulted from one indivisible course of conduct incident to a single criminal objective.  The People agree.  We agree with the parties that counts 3 and 4 arose from one indivisible course of conduct, as does count 6, for which the trial court already stayed his sentence, pursuant to section 654.

Section 654 provides:

> "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision.  An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."  (§ 654, subd. (a).)

Section 654 limits punishment for multiple offenses where the "act or omission" or course of conduct is indivisible in time and pursued according to a single objective or intent.  (*People v. Beamon* (1973) 8 Cal.3d 625, 639.)  A single act can be punished more than once, however, if it impacts multiple victims.  (*Id.* at p. 638, fn. 10.)

When the facts of the case are undisputed, as they are here, the application of section 654 raises a question of law, which is reviewed de novo.  (*People v. Corpening* (2016) 2 Cal.5th 307, 312.)

Here, there was one indivisible course of conduct incident to a single criminal objective—defendant's possession of the .357-caliber Smith & Wesson revolver containing five expended rounds and one live round—upon which counts 3, 4, and 6 were based.  Under *People v. Lopez* (2004) 119 Cal.App.4th 132, "[w]here … all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment."  (*Id.* at p. 138.)  However, while the trial court stayed defendant's sentence to count 6, pursuant to section 654, defendant was sentenced to consecutive terms of 16 months (one-third the midterm of two years

8.

doubled) on count 3, felon in possession of a firearm, and 16 months (one-third the midterm of two years doubled) on count 4, felon in possession of ammunition.

The trial court's imposition of a consecutive sentence on both counts 3 and 4 was improper under section 654. (*People v. Beamon*, *supra*, 8 Cal.3d at pp. 639–640.) There was one indivisible course of conduct incident to a single criminal objective—defendant's possession of the .357-caliber Smith & Wesson revolver containing five expended rounds and one live round—but three counts—the felon in possession of a firearm for which defendant was convicted in count 3, the felon in possession of ammunition charge for which defendant was convicted in count 4, and the carrying of a loaded firearm in public for which defendant was convicted in count 6, that arose from that indivisible course of conduct. Accordingly, the sentence for two of counts 3, 4, and 6 must be stayed. We direct the trial court to determine which two sentences of those three counts to stay pursuant to section 654.

## C. Assembly Bill 1869

Defendant contends his $750 presentence report fee and $108.19 booking fee must be vacated pursuant to the application of former section 1203.1b and former Government Code section 29550.2. The People agree, as do we.

Operative July 1, 2021, Assembly Bill 1869 eliminated many fines, fees, and assessments that courts have imposed under a variety of statutes, including former section 1203.1b, previously allowing collection of probation report fees, and former Government Code section 29550.2, previously allowing collection of booking fees. (Stats. 2020, ch. 92, § 47, 25.) Here, the parties agree, as do we, that any unpaid portion of the presentence report fees ordered pursuant to former section 1203.1b and booking fees ordered pursuant to former Government Code section 29550.2 are uncollectable and unenforceable as of July 1, 2021. (§ 1465.9, subd. (a); Gov. Code, § 6111, subd. (a).)

We therefore vacate the portions of the judgment requiring payment of fees pursuant to former section 1203.1b and former Government Code section 29550.2. Any

9.

portion of those fees not collected before July 1, 2021, is unenforceable and uncollectable.

## DISPOSITION

Defendant's sentence is conditionally vacated. We remand the matter for retrial to determine the validity of the prior serious felony conviction. If the trial court determines that the prior conviction constitutes a serious felony, the sentence shall be reinstated. Additionally, the trial court is directed to stay two of the sentences for counts 3, 4, and 6, pursuant to section 654, and the portions of the judgment imposing fees pursuant to former section 1203.1b and former Government Code section 29550.2 are vacated. In all other respects, the judgment is affirmed.