Filed 7/20/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>MERCEDES LOPES,<br><br>　　　　Defendant and Respondent. | A142907<br><br>(Sonoma County<br>Super. Ct. No. SCR647251) |

Does a juvenile adjudication qualify as a "prior violation . . . that was punished as a felony" so as to elevate a misdemeanor driving under the influence offense to a felony under Vehicle Code section 23550.5?[1]  It does not.  The trial court properly rejected the People's attempt to elevate a drunk driving charge with a prior juvenile adjudication pursuant to section 23550.5, subdivision (a)(2), so we affirm.

## BACKGROUND

In 2006, when Mercedes Lopes was 17 years old, she entered a plea of no contest to felony driving under the influence with injury under section 23153, subdivision (a).[2] Lopes was detained as a ward of the court and committed to a DUI Youth Program with a maximum time of confinement of 38 months.

---

[1]Unless otherwise noted, further statutory citations are to the Vehicle Code.

[2]Section 23153, subdivision (a) provides that "It is unlawful for a person, while under the influence of any alcoholic beverage to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."
We take judicial notice of the contents of Lopes' juvenile court file.  (Evid. Code, § 452, subd. (d).)

1

In 2014, Lopes was charged with driving under the influence (§ 23152, subd. (a)) and driving with a blood alcohol content of 0.08 percent or more (§ 23152, subd. (b)). Both charges were alleged as felonies pursuant to section 23550.5 due to the prior juvenile adjudication. After waiving jury trial, Lopes admitted the 2006 adjudication but moved for acquittal on the section 23550.5 allegation. The court ruled that her juvenile adjudication could not be used to elevate the DUI to a felony and therefore granted the defense motion. Lopes then entered a plea of no contest to misdemeanor violations of section 23152, subdivisions (a) and (b). The People appeal from the court's order striking the allegation of felony drunk driving due to the prior juvenile adjudication.

## DISCUSSION

The sole issue in this appeal is whether Lopes' 2006 juvenile adjudication qualifies as a "prior violation of Section 23153 that was punished as a felony" within the meaning of section 23550.5, subdivision (a), and can therefore elevate her current DUI charges to felonies. We agree with the trial court's conclusion that it does not.

At the time of Lopes' plea, section 23550.5 provided in relevant part that: "(a) A person is guilty of a public offense, punishable by imprisonment in the state prison or confinement in a county jail for not more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000) if that person is convicted of a violation of Section 23152 or 23153, and the offense occurred within 10 years of any of the following: [¶] . . . [¶] (2) A prior violation of Section 23153 that was punished as a felony. [¶] . . . [¶] (b) Each person who, having previously been convicted of a violation of subdivision (a) of Section 191.5 of the Penal Code, a felony violation of subdivision (b) of Section 191.5, or a violation of subdivision (a) of Section 192.5 of the Penal Code, is subsequently convicted of a violation of Section 21352 or 23153 is guilty of a public offense punishable by imprisonment in the state prison or confinement in a county jail for not more than one year and by a fine . . . ."[3]

_____

[3]The statute was amended effective January 1, 2015 to substitute "separate" for "prior." (Stats. 2014, c. 509, § 1.)

2

Welfare and Institutions Code section 203 provides that "[a]n order adjudging a minor to be a ward of the juvenile court *shall not be deemed a conviction of a crime for any purpose*, nor shall a proceeding in the juvenile court be deemed a criminal proceeding." Implicitly acknowledging this principle, the People argue that the Legislature's specification of a prior "violation" in section 23350.5, subdivision (a), rather than "conviction," evidences its intent that juvenile adjudications, and not just criminal convictions, may be used to elevate a current DUI offense to a felony. "Had the Legislature intended to require a conviction," they contend, "it would have employed the term 'conviction' in subdivision (a) of section 23550.5 as, indeed, it did in subdivision (b) of section 23550.5" and various other enhancement provisions found in the Vehicle Code.

We disagree. Preliminarily, we note that *People v. Snook* (1997) 16 Cal.4th 1210, 1216–1219, construing related Vehicle Code provisions, suggests the Legislature's use of the term "violation" rather than "conviction" was a byproduct of its efforts to prevent repeat drunk driving offenders from escaping enhanced punishment by manipulating the timing of their convictions for separate offenses. *People v. Camarillo* (2000) 84 Cal.App.4th 1386, on the other hand, indicates the etiology of the phrase "violation . . . that was punished as a felony" has more to do with the discretion of sentencing courts to identify "wobbler" offenses as either felonies or misdemeanors. (*Id.* at pp. 1392–1393.) Either way, nothing we have found in the statutory language, legislative history or case law indicates that the Legislature intended the phrase to encompass juvenile adjudications. As Lopes observes, in the relatively rare instances where the Legislature wants to include juvenile adjudications in provisions that may elevate the penalty for new offenses, it knows how. (See, e.g., § 13105 [juvenile adjudications can be used as a basis for suspension or revocation of driving privileges]; Pen. Code §§ 667, subd. (d)(3) and 1170.12, subd. (b)(3) [three strikes law].) Where, as here, the statutory language is obscure and the People's interpretation is, at best, no more reasonable than any other, the rule of lenity counsels against their proposed construction. (See, e.g., *People v. Avery* (2002) 27 Cal.4th 49, 58)

3

Moreover, even if we were to assume that the term "prior violation" might encompass juvenile adjudications, which we do not, Lopes' juvenile adjudication does not qualify because it was not "punished as a felony." Except for capital offenses, felonies are punished by imprisonment in state prison or county jail pursuant to Penal Code sections 17, 18 and 1170, subdivision (h). Here, Lopes was detained as a ward of the court and committed to a DUI Youth Program as punishment for her juvenile offense. That, patently, was not felony punishment.

The People nonetheless argue Lopes' juvenile adjudication was "punished as a felony" because the juvenile court identified it as a felony for purposes of Welfare and Institutions Code section 702. We disagree. Section 702 requires that when a minor is found to have committed a wobbler, i.e. an offense that would, in the case of an adult, be punishable alternatively as a felony or a misdemeanor, "the court shall declare the offense to be a misdemeanor or felony." But it must do so in order to identify the minor's maximum term of confinement, and to ensure that the juvenile court is aware of and exercises its discretion to fully consider available sentencing options. (*In re Manzy W.*, (1997) 14 Cal.4th 1199, 1205–1207; see also *In re Dennis C.* (1980) 104 Cal.App.3d 16, 23.) Nothing of this requirement suggests that a prior juvenile adjudication was actually "punished as a felony" because the court declared it a felony for purposes of 702.

In short, the People's interpretation of section 23550.5 is unsupported by its language and legislative history, particularly in view of our tradition of differentiating between juvenile adjudications and criminal convictions. We conclude the trial court correctly found Lopes' juvenile adjudication was not a "violation . . . punished as a felony" within the meaning of section 23550.5, subdivision (a).

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:


_____
McGuiness, P. J.


_____
Pollak, J.


*People v. Lopes*, A142907

Trial Court:                                          Sonoma County Superior Court


Trial Judge:                                          Robert M. LaForge


Counsel:

Jill R. Ravitch, District Attorney, William S. Mount, Deputy District Attorney for Plaintiff and Appellant, Sonoma County.

Marylou Hillberg, First District Appellate Project for Defendant and Respondent, Mercedes Lopes.