Filed 2/8/16  P. v. Ruiz CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059754 |
| v. | (Super.Ct.No. INF1301095) |
| FERNANDO RUIZ, | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

The petition for rehearing is denied.  The opinion filed in this matter on January 13, 2016, is hereby modified, as follows:

1.  On page 9, delete the first full paragraph in its entirety.

2.  On page 9, insert the following new paragraphs after the paragraph ending with the following citation:  (*Dunlap*, *supra*, 18 Cal.App.4th at pp. 1471, 1473, 1477-1480.)

Third, defendant argues that, although *Martinez* allows an uncertified CLETS printout to be admitted as proof of an adult conviction, even a certified CLETS printout is not admissible under the public records hearsay exception to establish a prior juvenile adjudication.  However,

1

*Martinez* itself does not make this distinction and defendant has not cited to any authority that does so directly.

Defendant cites extensively to Welfare and Institutions Code section 203 (section 203) – "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose . . . ." Defendant argues that this statute, and a number of cases discussing its effect on the treatment of juvenile adjudications as adult criminal convictions, explains why hearsay exceptions applying to adult convictions, as in *Martinez*, do not apply to juvenile adjudications. We are not persuaded, and conclude that the narrow evidentiary issue discussed in *Martinez* is separate from the broader, more substantive issue of whether juvenile adjudications can be treated as criminal convictions for sentencing purposes.

At oral argument defendant cited to *People v. Lopes* (2015) 238 Cal.App.4th 983 as an example of the courts requiring a statute to specifically identify a juvenile adjudication as an allowable basis for elevating the penalty for new offenses. In that case, the appellate court declined to use a prior juvenile adjudication to elevate a drunk driving charge from a misdemeanor to a felony pursuant to Vehicle Code former section 23550.5, subdivision (a)(2), which allows such when the People can establish a "prior violation . . . that was punished as a felony." However, although the court in *Lopes* does quote Welfare and Institutions Code section 203 — "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose . . ." — the court in fact based its decision on the specific wording of Vehicle Code former section 23550.5, which allowed a prior violation to be used as an enhancement only when the violation was actually "punished as a felony." The defendant's juvenile adjudication in that case was "punished" by detention as a ward of the court and commission to a DUI youth program rather than by a prison sentence. For this reason, *People v. Lopes* is not authority that the term "conviction" cannot include a juvenile adjudication for purposes of the evidentiary ruling in *Martinez*.

Defendant refers several times to *People v. West* (1984) 154 Cal.App.3d 100 (*West*). In *West*, the appellate court held that by enacting article I, section 28, subdivision (f) of the state Constitution, "'Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of . . . enhancement of sentence . . . ,' [citation]" the voters did not impliedly repeal section 203, because the use of the word "conviction" in that subdivision (f) did not apply to juvenile adjudications. (*West* at p.108-110.) Defendant points to other opinions similarly treating juvenile adjudications differently from adult convictions based on the divergent goals of the adult and juvenile criminal systems [A juvenile adjudication is

2

not a "prior conviction for a serious felony" under Penal Code, former section 4019 (*People v. Pacheco* (2011) 194 Cal.App.4th 343, 346); Penal Code section 290 requiring sex offender registration of persons "convicted" of certain crimes did not include juvenile adjudications in part because of section 203 (*In re Bernardino S.* (1992) 4 Cal.App.4th 613, 618)].

These and the other cases defendant cites clearly demonstrate the need for the Legislature to clarify when juvenile adjudications count as "convictions" under our sentencing laws, as it did in Penal Code section 667, subdivision (d)(3). However, not one of these cases addresses the narrow *evidentiary* question at issue here—whether, given the holding in *Martinez* that the uncertified CLETS printout of an adult conviction is admissible under the Evidence Code, section 664 presumption that official duties are regularly performed, the same can be said of a certified CLETS printout of a juvenile adjudication for purposes of consideration under Penal Code section 667, subdivision (d)(3). As the appellant, defendant bears the burden here of proving error in the trial court's decision to admit the CLETS printout into evidence. However, despite the considerable and laudable efforts of defendant's counsel in this appeal, the state of the law on this issue supports the trial court's evidentiary ruling.

Thus, we conclude that the CLETS printout was properly admitted and is sufficient evidence to support the trial court's finding that defendant had a juvenile adjudication for robbery.

Except for this modification, the opinion remains unchanged. This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P.J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.

3

Filed 1/13/16  P. v. Ruiz CA4/2 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059754 |
| v. | (Super.Ct.No. INF1301095) |
| FERNANDO LUIS RUIZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Randall D. White, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Elizabeth Garfinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Fernando Ruiz is serving ten years in prison after a jury convicted him of inflicting corporal injury on a spouse and the trial court found that he had two strike priors and four prison priors. Defendant argues that neither strike prior is supported by sufficient evidence and the use of a juvenile adjudication as a strike prior violates his constitutional rights to due process and to a jury trial. For the reasons discussed below, we remand for a new trial on whether defendant's prior conviction for negligently discharging a firearm qualifies as a strike, but otherwise affirm the judgment.

## FACTS AND PROCEDURE

On March 28, 2013, defendant and his wife argued as she drove him home from work. Defendant screamed and yelled at his wife that he was going to hurt her. While the car was at a complete stop, defendant punched his wife in the mouth with a closed fist. Defendant continued yelling threats at his wife as they drove home and after they arrived at home, in front of their three children. While defendant was in the shower, his wife called 911 and asked the dispatcher to send an officer. Defendant's wife also asked the dispatcher not to call back, because her husband would kill her if he knew she had called. Police arrived and arrested defendant. Defendant's wife had a busted, swollen lip and a black eye. In a tape-recorded interview, she told the officer that defendant had given her the black eye during another incident about four days prior, and that she was "scared to death" to press charges but more scared that defendant was going to hurt her.

2

On June 26, 2013, the People filed an information alleging defendant committed corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)),[1] and that he had two strike priors (§§ 667, subds. (c) & (e)(1), and 1170.12, subd. (c)(1)) and four prison term priors (§ 667.5, subd. (b)). Defendant pled not guilty.

On August 21, 2013, a jury convicted defendant of the corporal injury charge. On that date the trial court found true the two strike priors and the four prison term priors. On October 3, 2013, the trial court sentenced defendant to three years for the corporal injury conviction, doubled for the strike priors, plus one year for each of the four prison term priors, for a total prison sentence of ten years.

This appeal followed.

## DISCUSSION

1. *Sufficiency of the Evidence to Support the Two Strike Priors*

Defendant argues the evidence is insufficient to support the true findings on both of his two strike priors — negligent discharge of a firearm (§ 246.3) and a juvenile adjudication for robbery (§ 211). The People concede the issue as to the firearm charge, and we agree.

    a. *Negligent Discharge of a Firearm*

Section 1192.7, subdivision (c) lists the crimes that constitute serious felonies. The crime of discharging a firearm in a grossly negligent manner under section 246.3 is

---

[1] All section references are to the Penal Code unless otherwise indicated.

not specifically listed, and thus, qualifies as a serious felony only if it falls within section 1192.7, subdivision (c)(8), which defines a serious felony to include any felony in which the defendant personally uses a firearm, or subdivision (c)(23), which defines a serious felony to include any felony in which the defendant personally used a dangerous or deadly weapon. It is possible to be convicted of a violation of section 246.3 as an aider and abettor (*People v. Bartow* (1996) 46 Cal.App.4th 1573, 1576-1577 [defendant argued that his cohort had fired the gun, and his prior conviction of a violation of section 246.3 was therefore not a serious felony]) or as an accomplice (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261-262, superseded by statute on other grounds as stated in *People v. Luna* (2003) 113 Cal.App.4th 395, 397). Thus, not every conviction of section 246.3 qualifies as a strike, and the record of the prior criminal proceedings must show "the nature or basis of the crime of which the defendant was convicted." (*People v. McGee* (2006) 38 Cal.4th 682, 691.)

Here, the evidence presented to prove negligent discharge of a firearm as a strike prior was the Abstract of Judgment from that conviction. However, that document merely shows that defendant pled guilty to section 246.3, "Discharge Firearm" on April 2, 2010. The People did not present any evidence as to whether defendant personally used a firearm in the commission of that crime. Therefore, insufficient evidence supports the trial court's true finding.

The proper remedy is to remand the matter for retrial of the prior at the election of the prosecutor. Retrial of a strike allegation after a successful challenge to the

4

sufficiency of the evidence neither offends the double jeopardy bar (*Monge v. California* (1998) 524 U.S. 721, 734) nor violates the constitutional due process requirement of fundamental fairness.  (*People v. Barragan* (2004) 32 Cal.4th 236, 243, 245.)

>   *b.*      *Juvenile Robbery Adjudication*

Section 667, subdivision (d)(3), which sets forth the requirements for a juvenile adjudication to qualify as a strike, provides:  "A prior juvenile adjudication shall constitute a prior felony conviction for purposes of sentence enhancement if:  [¶] (A) The juvenile was 16 years of age or older at the time he or she committed the prior offense.  [¶]  (B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) [subdivision (d)(1) of section 667] or (2) [subdivision (d)(2) of section 667] as a felony.  [¶]  (C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.  [¶] (D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code."

2.      *The Admitted Documents*

The People submitted the following and other documents to prove defendant's juvenile adjudication for robbery.

The first group of documents consists of three uncertified documents (1)  a juvenile petition filed September 3, 1998, alleging Fernando Luis Ruiz, born 08/20/80, committed robbery (§ 211); (2)  a minute order dated 12/16/98, showing Fernando Ruiz

admitted the robbery allegation;[2] and, (3) a probation report filed December 31, 1998, for Fernando Luis Ruiz, born 08/20/82, indicating he admitted the robbery allegation on 12/16/98. Each of the documents indicates the juvenile case number is IJ-8428. The court took judicial notice of these three documents and noted the discrepancy in the birth dates. Defendant challenges the admission of these documents.

Second, Exhibit 1007 is a certified letter, dated October 23, 2012, from the Department of Corrections and Rehabilitation, Division of Juvenile Justice. The letter states that the file unit is "unable to supply you with the regular material, as under the present policy, we do not retain case files on discharged wards beyond the period of seven years." The letter states that its records indicate defendant was committed to the Department of the Youth Authority on December 31, 1998 for robbery and other crimes, and was discharged on September 5, 2003. Included with this letter is a certified document indicating defendant was committed on 12/31/98 for offenses including "PC211 Robbery 2" and was dishonorably discharged on September 5, 2003.

Third, the People offered, as Exhibit 1006, a "CLETS" report, certified and authenticated as a "true and original document received from the California Law Enforcement Telecommunications Systems [(CLETS)], by the District Attorney's Bureau of Investigation." This document shows that Fernando Luis Ruiz, born 08/20/82, was committed to "CYA" for robbery on January 14, 1999 and was discharged on September

---

[2] The minute order shows that Fernando Luis Ruiz "admits allegations in paragraph(s) 2" of the "SUBSEQ PETN filed 09/03/1998." The petition lists the robbery allegation in its "PARAGRAPH II."

6

5, 2003, after having a bench warrant issued for "211 PC-Robbery" and being arrested or detained on November 12, 1998.

Defense counsel objected to all of these documents based on "hearsay grounds, foundation, and the inaccuracies." After the court took a recess and asked to hear from both sides before it ruled, defense counsel stated, "Defense submits, subject to my objection, please, Your Honor, on the paperwork for the juvenile. I don't want the judge to forget that issue." The court then found true each of the alleged prior convictions based on the evidence presented.

In this appeal, defendant raises a number of challenges to the trial court's admission of the above documents to prove the prior juvenile adjudication. First, we focus on defendant's challenge to the CLETS report.

Defendant argues the CLETS printout is inadmissible hearsay and is not sufficient evidence that he was adjudged a ward of the court for robbery. We will address each of defendant's arguments in turn. The case cited most extensively by defendant is *People v. Martinez* (2000) 22 Cal.4th 106 (*Martinez*). In that case, our Supreme Court held that an uncertified CLETS printout is admissible under the Evidence Code, section 664 presumption that official duties are regularly performed. Note that in the present case, the CLETS printout is certified.

First, defendant argues the CLETS printout is not sufficient evidence that defendant had a prior adjudication for robbery because it does not clearly specify that defendant suffered a prior adjudication for robbery and was declared a ward of the court

7

under section 602 of the Welfare and Institutions Code.  The CLETS printout tells us that bench warrant number IJ8428 for "211 PC-Robbery" was issued for defendant at an address in Coachella, and that he was arrested or detained on November 12, 1998.  It also tells us that on January 14, 1999, defendant was committed to CYA from Riverside County.  The printout references, "CNT: 01 #Y81636 211 PC-Robbery:  Second Degree" and shows defendant was discharged from CYA on September 5, 2003.  We agree that the CLETS printout does not directly state that defendant was adjudicated a ward of the court for robbery under Section 602 of the Welfare and Institutions Code, as is required in section 667, subdivision (d)(3).  However, the CLETS printout showing he was committed to the CYA for "CNT: 01 #Y81636 211 PC-Robbery:  Second Degree," does create a very strong inference that defendant was necessarily adjudged a ward of the court for robbery, given that he was committed to CYA for that specific offense.  The trial court, in determining whether the People have proven a prior conviction beyond a reasonable doubt, is permitted to make reasonable inferences from the evidence presented.  (*People v. Henley* (1999) 72 Cal.App.4th 555, 560, citing *People v. Haney* (1994) 26 Cal.App.4th 472, 475.)  We note that, as stated above, this exact information is also provided in Exhibit 1007, which is the certified letter from the Division of Juvenile Justice, with the attached certified document containing the same information yet again.

Second, defendant argues the certified CLETS printout is not admissible because, unlike in *Martinez*, the People did not call a witness to testify as to how the printout was obtained and prepared.  This ignores *People v. Dunlap* (1993) 18 Cal.App.4th 1468, in

8

which the court held a CLETS computer printout of the defendant's criminal history was admissible under Evidence Code section 1280 to prove the defendant's prior convictions for purposes of Penal Code section 667.5, subdivision (b). The court further held the printout was admissible even without foundational testimony as to its identity and mode of preparation. Absent evidence to the contrary, it could be presumed the printout was prepared in accordance with statutes requiring the recording and reporting of criminal records and therefore met the requirements of Evidence Code section 1280. (*Dunlap*, *supra*, 18 Cal.App.4th at pp. 1471, 1473, 1477-1480.)

Third, defendant argues that, although *Martinez* allows an uncertified CLETS printout to be admitted as proof of an adult conviction, even a certified CLETS printout is not admissible under the public records hearsay exception to establish a prior juvenile adjudication. However, *Martinez* does not make this distinction and defendant has not cited to any authority that does so directly. Defendant cites to *People v. Lopes* (2015) 238 Cal.App.4th 983 as an example of the courts requiring a statute to specifically identify a juvenile adjudication as an allowable basis for elevating the penalty for new offenses. In that case, the appellate court declined to use a prior juvenile adjudication to elevate a drunk driving charge from a misdemeanor to a felony pursuant to Vehicle Code former section 23550.5, subdivision (a)(2), which allows such when the People can establish a "prior violation . . . that was punished as a felony." However, although the court in *Lopes* does quote Welfare and Institutions Code section 203 — "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a

9

crime for any purpose . . ." — the court in fact based its decision on the specific wording of Vehicle Code former section 23550.5, which allowed a prior violation to be used as an enhancement only when the violation was actually "punished as a felony." The defendant's juvenile adjudication in that case was "punished" by detention as a ward of the court and commission to a DUI youth program rather than by a prison sentence. For this reason, *People v. Lopes* is not authority that the term "conviction" cannot include a juvenile adjudication for purposes of the evidentiary ruling in *Martinez*. Thus, we conclude that the CLETS printout was properly admitted and is sufficient evidence to support the trial court's finding that defendant had a juvenile adjudication for robbery.

Further, the sufficiency of the evidence provided by the CLETS printout is supplemented by the group of three supporting documents from the juvenile court file described above, specifically the juvenile petition, the minute order of December 16, 1998 showing defendant admitted the robbery allegation, and the probation report, all for juvenile case number IJ8428. In this appeal, defendant argues the trial court erred when it took judicial notice of these documents because: (1) they weren't certified as required under the hearsay exception set forth in Evidence Code section 452.5; and (2) the People did not give the defense adequate notice that they intended to ask for judicial notice of the documents. Defendant further argues the documents are insufficient to prove the juvenile adjudication for robbery because they contained inconsistent information in the form of the wrong birth date on the juvenile petition.

Defendant is correct that these three documents would have to be certified in order to be admitted under the hearsay exception set forth in Evidence Code section 452.5, which governs criminal conviction records, including computer-generated records. However, under these circumstances, no exception to the hearsay rule is needed. Our Supreme Court stated in *People v. Delgado* (2008) 43 Cal.4th 1059 that using records from a prior case to show just the fact of a prior conviction is a non-hearsay purpose— "Even if no hearsay exception existed, we have held that the trier of fact may look to an official record from the prior case for the *nonhearsay* purpose of determining whether the defendant *was convicted* of an offense that qualifies as a serious felony. [Citation.]" (*Id.* at p. 1072, fn. 6, italics added.) As above, defendant asserts that this rule distinguishes between an adult conviction and a juvenile adjudication, but cites no authority to directly support this.

Any lack of notice to the defense that the People intended to seek judicial notice of these three items from defendant's juvenile court file does not make the trial court's reliance on them improper, and does not require reversal. Evidence Code section 453, which governs compulsory judicial notice upon request, does require the requesting party to give notice of the request to the opposing party. However, Evidence Code section 452, which governs discretionary judicial notice, allows a court to take judicial notice of the "records of . . . any court of this state," without giving prior notice to the opposing party. Thus, the court did not err when it took judicial notice of these items.

11

Further, defendant argues the three uncertified documents—the minute order, juvenile petition and juvenile probation report—are inconsistent and thus unreliable to show he suffered a juvenile adjudication for robbery. The primary reason for defendant's claim of unreliability is that the date of birth on the juvenile petition is incorrect— showing defendant was born on 08/20/80 instead of the correct date of 08/20/82. However, this appears to be a clerical error as to a single digit, in that defendant's correct birth date appears on the probation report for the same case, on the CLETS printout, on the mugshot profile submitted as Exhibit 1003, on the abstracts of judgment for his prior prison commitments and on two fingerprint cards, each of which identifies him as Fernando Luis Ruiz.

Finally, defendant argues the failure to obtain certification of the first group of documents—the juvenile petition, the minute order showing defendant admitted the robbery allegation and the juvenile probation report—violates the Confrontation Clause of the Sixth Amendment to the United States Constitution[3] because the official who allegedly produced the documents is neither identified nor subject to cross-examination by the defense. Defendant points to *Davis v. Washington* (2006) 547 U.S. 813 825-826 for the proposition that prior court statements and convictions are testimonial and thus subject to confrontation clause requirements. We have reviewed this case and conclude that it is not persuasive regarding the testimonial nature of court documents relating to

---

[3] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

12

prior convictions. At the pages cited, the United States Supreme Court discusses whether the testimony of witnesses during prior court proceedings, such as depositions, preliminary hearings and trials, is testimonial. The United States Supreme Court does not address whether court documents relating to prior convictions are testimonial and thus subject to the confrontation clause.

To conclude, the trial court's finding that defendant suffered a strike prior in the form of a juvenile adjudication for robbery is supported by substantial evidence.

3.     *Constitution Allows Use of Juvenile Adjudication as Strike Prior*

Defendant contends the use of his juvenile adjudication for robbery as a strike prior violated his constitutional rights to due process and to a jury trial.

The California Supreme Court's decision in *People v. Nguyen* (2009) 46 Cal.4th 1007, 1028, holds that "the absence of a constitutional or statutory right to jury trial under the juvenile law does not, under *Apprendi* [*v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435]], preclude the use of a prior juvenile adjudication of criminal misconduct to enhance the maximum sentence for a subsequent adult felony offense by the same person." The *Nguyen* court held that a prior juvenile adjudication could constitutionally be used as a strike under California's Three Strikes law in subsequent adult proceedings even though juveniles are not entitled to a jury trial. (*Nguyen,* at p. 1028.) The *Nguyen* court reasoned that the use of reliably obtained juvenile adjudications to enhance later adult criminal proceedings does not offend an adult defendant's constitutional right to a jury trial in adult criminal proceedings. (*Id*. at p. 1021.) If an

13

accused adult is accorded his right to a jury trial in the adult proceeding as to all facts that influence the maximum permissible sentence, no reason appears why a constitutionally-reliable prior adjudication of criminality, obtained pursuant to all procedural guarantees—specifically including the right to proof beyond a reasonable doubt—should not also be for that sentencing purpose. (*Id.* at p. 1023.) The *Nguyen* court concluded "the Fifth, Sixth, and Fourteenth Amendments, as construed in *Apprendi*, do not preclude the sentencing-enhancing use, against an adult felon, of a prior valid, fair, and reliable adjudication that the defendant, while a minor, previously engaged in felony misconduct, where the juvenile proceeding included all the constitutional protections applicable to such matters, even though these protections do not include the right to jury trial." (*Id.* at p. 1019.) We are bound by the *Nguyen* holding. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 454-455.)

## DISPOSITION

The case is remanded for a new trial on whether defendant's prior conviction for negligently discharging a firearm qualifies as a strike. In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.

14